1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRELL JONES,

　　　　　Plaintiff,

　　v.

T. LEMON, et al.,

　　　　　Defendants.

Case No. 22-cv-07202-SVK

**ORDER DENYING MOTION TO DISMISS; SCHEDULING SUMMARY JUDGMENT MOTION**

Re: Dkt. No. 13

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against Defendants Chief Deputy Warden T. Lemon and Associate Director of the Office of Appeals Howard E. Mosely at Salinas Valley State Prison ("SVSP").  The Court found Plaintiff's allegations, when liberally construed, stated a cognizable for relief and ordered the Complaint served upon Defendants.  Defendants have appeared and filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff filed an opposition, and Defendants filed a reply brief.  For the reasons discussed below, the motion to dismiss is DENIED and briefing on a motion for summary judgment is scheduled.

**DISCUSSION**

**A.　Standard of Review**

Failure to state a claim is grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*,

1    18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or

2    documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v.*

3    *County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial

4    notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R.

5    Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light

6    most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

7    (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely

8    conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

9         A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be

10   held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at

11   570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Allegations of fact in the complaint

12   must be taken as true and construed in the light most favorable to the non-moving party.

13   *Symington*, 51 F.3d at 1484.

14        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

15   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

16   statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

17   which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotations

18   omitted).  Although in order to state a claim a complaint "does not need detailed factual

19   allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

20   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

21   action will not do. . . .   Factual allegations must be enough to raise a right to relief above the

22   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

23   A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a

24   claim for relief that is plausible on its face." *Id.* at 570.  To state a claim that is plausible on its

25   face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the

26   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

27        From these decisions, the following "two principles" arise: "First to be entitled to the

28   presumption of truth, allegations in a complaint or counterclaim may not simply recite the

United States District Court
Northern District of California

2

1    elements of a cause of action but must contain sufficient allegations of underlying facts to give fair

2    notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations

3    that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

4    require the opposing party to be subjected to the expense of discovery and continued litigation."

5    *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also McHenry v. Renne*, 84 F.3d 1172,

6    1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on

7    what theory, with enough detail to guide discovery").

8            At the Rule 12(b)(6) stage, if there are two alternative explanations for defendant's

9    conduct, one advanced by defendant and the other advanced by plaintiff, both of which are

10   plausible, plaintiff's complaint can be dismissed "'only when defendant's plausible alternative

11   explanation is so convincing that plaintiff's explanation is *im*plausible.'"  *National Ass'n of*

12   *African American-Owned Media v. Charter Communications, Inc.*, 915 F.3d 617, 627 (9th Cir.

13   2019) (quoting *Starr*, 652 F.3d at 1216).  Otherwise, the court cannot, at the Rule 12(b)(6) stage,

14   weigh evidence and determine whose explanation is ultimately more persuasive.  *Id*. at 627.

15   **B.      Discussion**

16           1.      Plaintiff's Claim

17           Plaintiff alleges prison officials, including Defendants, have denied him the right to buy

18   "pure sugar and sugar based products out of the packages" while allowing female prisoners to buy

19   such items.  (ECF No. 1 at 3-4.)  He further alleges he is not allowed to buy dried fruit, yogurts, or

20   granola.  (*Id.* at 4.)  In response to his administrative grievance complaining of this policy,

21   Defendant Mosely explained the prison policy in more detail: "Level four" (i.e. high security)

22   male inmates may not purchase "items containing sugar such as jams, jellies, honey, syrup, juices

23   and sugar" or "nutmeg and mace."  (*Id.* at 5.)  Further, hot sauces containing sugar, "snack cakes,

24   bars, pies, pickles, etc. are permissible," while dried fruit is not.  (*Id.*)  Plaintiff claims the policy

25   discriminates against him based upon his gender, in violation of his constitutional right to equal

26   protection, and he seeks monetary compensation and injunctive relief (i.e. an order to "dismantle"

27   the prison policy). (*Id.* at 3.)  The Court reviewed these allegations pursuant to 28 U.S.C. § 1915A

28   and concluded that, when liberally construed, they state a cognizable claim for relief under Section

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   1983 for the violation of Plaintiff's rights under the Equal Protection Clause.  (ECF No. 7 at 2.)

2   Defendants make two arguments in their motion to dismiss: (1) the claims are barred by

3   the Eleventh Amendment; and (2) Plaintiff has not alleged sufficient facts establishing intentional

4   and invidious discrimination, an essential element of an equal protection claim.

5   2.   Eleventh Amendment

6   Defendant argues the claims for damages and injunctive relief are barred by the Eleventh

7   Amendment because Plaintiff does not specify whether he is suing Defendants in their official or

8   individual capacities.

9   The Eleventh Amendment bars from the federal courts suits against a state by its own

10  citizens, citizens of another state or citizens or subjects of any foreign state.  *Atascadero State*

11  *Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  In addition to suits against the state, Eleventh

12  Amendment immunity also extends to suits against state officials sued in their official capacities.

13  *See Kentucky v. Graham,* 473 U.S. 159, 169-70 (1985).  Under the Eleventh Amendment, state

14  officials acting in their official capacities are not "persons" who may be held liable under § 1983.

15  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  There is one important exception,

16  however: a state official may be sued in his or her official capacity under § 1983 for prospective

17  injunctive relief from unconstitutional state action.  *Id.* at 71 n.10.  State officials sued in their

18  *individual* capacities, however, are "persons" under § 1983, and as a result, the Eleventh

19  Amendment does not bar suits for money damages or injunctive relief against them in their

20  individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

21  Plaintiff does not specify in the complaint whether he is suing Defendants in their

22  individual or official capacities.  A suit under Section 1983 against state actors, even where the

23  individual capacity is not specified, necessarily implies a suit against them in their personal

24  capacities.  *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th

25  Cir. 1994) (citations omitted); *see also Charfouros v. Board of Elections*, 249 F.3d 941, 956-57

26  (9th Cir. 2001) (liberally construing ambiguous complaint to allege claims against board members

27  in their individual capacities).  This is especially true where, as here, the plaintiff is proceeding

28  pro se and his allegations must be liberally construed.  *See Mitchell v. State of Washington*, 818

4

1    F.3d 436, 442 (9th Cir. 2016) (emphasis in original) (reversing dismissal of claims against state

2    officials based on Eleventh Amendment immunity and reinstating claims against them in their

3    individual capacities where record clearly demonstrates that plaintiff, "acting pro se, did not

4    understand the legal significance between bringing claims against [defendants] in their official

5    versus personal capacities."). Defendants seek to require Plaintiff to amend his Complaint or face

6    dismissal because he did not identify the capacity in which he is suing them. The authority cited

7    above, however, clearly authorizes the Court to construe the Complaint's silence on this issue as

8    implying a suit against Defendants in their personal capacities. So construed, the Eleventh

9    Amendment does not bar Plaintiff's suit against them for damages and injunctive relief.[1]

10           3.      Intentional Discrimination

11          Defendants argue Plaintiff has failed to allege facts showing Defendants engaged in

12   intentional, invidious discrimination against him. A plaintiff alleging denial of equal protection

13   under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional

14   unlawful discrimination or allege facts that are at least susceptible of an inference of

15   discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir.

16   1998). The plaintiff must allege that the defendant state actor acted at least in part because of

17   plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir.

18   2013). Or put slightly differently, the plaintiff "must show that a class that is similarly situated

19   has been treated disparately." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir.

20   2017). Conclusory allegations will not do. *See Ventura Mobilehome Comms. Owners Ass'n v.*

21   *City of Buenaventura*, 371 F.3d 1046, 1055 (9th Cir. 2004) (affirming dismissal of equal

22   protection claim because "[a]side from conclusory allegations, Appellant has not . . . alleged how

23   [similarly situated individuals] are treated differently").

24          Here, Plaintiff has made nonconclusory allegations that are sufficient to support a

25   reasonable inference of intentional discrimination. The allegation that Defendants enforced a

26

27   [1] In his opposition Plaintiff indicates his intention was to sue Defendants in both their individual
     and official capacities. (ECF No. 20 at 2.) Plaintiff is free to file a motion to amend his complaint
28   in this regard, but given the Court's conclusion, he does not need to do so in order to preserve his
     claims for damages and injunctive relief.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    prison policy plausibly alleges that they acted intentionally.  The allegation that the policy

2    prohibits male prisoners like him from buying certain food items but allows female prisoners to

3    buy them are nonconclusory allegations of invidious discrimination insofar as Plaintiff is treated

4    differently from a similarly situated prisoners because of a suspect classification, i.e. gender.

5    Accordingly, Plaintiff has made sufficient nonconclusory allegations of intentional, invidious

6    discrimination to support a claim that Defendants violated his rights under the Equal Protection

7    clause.

**CONCLUSION**

9        For the foregoing reasons,

10        1.   Defendants' motion to dismiss is DENIED.

11        2.   To expedite the resolution of this case:

12            a.   No later than **October 16, 2023**, Defendants shall file a motion for summary

13    judgment or other dispositive motion.  The motion shall be supported by adequate factual

14    documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall

15    include as exhibits all records and incident reports stemming from the events at issue.  If

16    Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall

17    so inform the Court prior to the date the summary judgment motion is due.  All papers filed with

18    the Court shall be promptly served on Plaintiff.

19            b.   At the time the dispositive motion is served, Defendants shall also serve, on a

20    separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954

21    (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

22            c.   Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

23    Court and served upon Defendants no later than **November 13, 2023**.  Plaintiff must read the

24    attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v.

25    Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

26            d.   Defendants shall file a reply brief no later than **November 27, 2023**.

27    //

      //

28

6

1      e.  The motion shall be deemed submitted as of the date the reply brief is due.  No

2  hearing will be held on the motion unless the Court so orders at a later date.

3      **SO ORDERED.**

4  Dated: August 10, 2023

5  _____

6  SUSAN VAN KEULEN
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendant moves for summary judgment, he is seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.